IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN E. WEISGOLD, P.C., a Pennsylvania Professional Corporation, individually and on behalf all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>ALLIED MEDICAL ASSOCIATES P.C., DR. BRYAN H. EHRLICH, and JOHN DOES 1-12<br><br>       Defendants. | CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, Dean E. Weisgold, P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Allied Medical Associates, P.C. ("Allied Medical"), Dr. Bryan H. Ehrlich ("Ehrlich"), and John Does 1-12, (collectively "Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements to persons and businesses in violation of the Telephone Consumer Protection Act (the "TCPA").

2. Defendants sent advertisements in an attempt to market their physical rehabilitation business.

3. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that when a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously displayed on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can treble the damages.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, and the common law of conversion.

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff is a Pennsylvania professional corporation with its principal place of business in Philadelphia, Pennsylvania.

10. Defendant Allied Medical is a Pennsylvania corporation, with its principal place of business in Drexel Hill, Pennsylvania.

11. On information and belief, Defendant Ehrlich is a resident of Pennsylvania.

12. Plaintiff included Defendants John Does 1-12, as it is not clear whether any entities or persons other than Allied Medical or Ehrlich actively participated in the transmission of the subject fax advertisement, or benefitted from the transmissions.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

14. Personal jurisdiction exists in Pennsylvania because Defendants have transacted business and committed tortious acts within the State.

15. Venue is proper in the Eastern District of Pennsylvania because Defendants committed a statutory tort within this District and a significant portion of the events took place there.

## FACTS

16. On or about December 3, 2020 an unsolicited fax advertisement was sent to Plaintiff. *See* Subject Fax Advertisement, attached hereto as Exhibit A. The fax advertisement was sent, or caused to be sent, by Defendants.

17. The subject faxes advertise the goods, products or services of Defendants. *Id*. Exhibit A is a one-page fax that attempts to market Defendants' physical rehabilitation services. Exhibit A contains information about their services for both new and "established clients/patients,"

3

and methods to get in contact with Defendants. Defendants sent or caused this unsolicited fax advertisement to be sent to Plaintiff and a class of similarly situated persons.

18. Plaintiff did not invite or give permission to anyone to send <u>Exhibit A</u> to it.

19. The fax contained within <u>Exhibit A</u> does not contain a clear and conspicuous opt-out notice.

20. On information and belief, Defendants sent the same facsimile to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisement to it, that Plaintiff never conducted business with Defendants, and that sending advertisements by fax is a very cheap way to reach a wide audience.

21. There are no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by "Allied Medical Associates" that did not contain an opt-out notice that complied with federal law.

23. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

24. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy

requirements under Rule 23(a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

25. **Numerosity/Impracticality of Joinder:** On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

26. **Commonality and Predominance:** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a.    Whether Defendants sent fax advertisements;

    b.    Whether the fax contained in Exhibit A advertised the commercial availability of property, goods or services;

    c.    The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent the faxes contained in Exhibit A and other unsolicited fax advertisements;

    d.    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

    e.    Whether Defendants' opt-out notice violated the TCPA;

      f.      Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

      g.      Whether Plaintiff and the other Class members are entitled to statutory damages;

      h.      Whether Defendants should be enjoined from faxing advertisements in the future;

      i.      Whether the Court should award trebled damages; and

      j.      Whether Defendants' conduct as alleged herein constituted conversion.

27.    **Typicality of claims:** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

28.    **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interest of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

29.    **Prosecution of Separate Claims Would Yield Inconsistent Results:** Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible

standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

30. **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate:** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

33. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement…." 47 U.S.C. § 227(b)(1)(C).

34. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

7

35. The TCPA provides:

> 3. <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

36. In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47. U.S.C. § 227(b)(2)(D)(i).

37. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b)(2)(D)(ii).  The shortest reasonable time has been determined to be thirty (30) days.  47 C.F.R. § 64.1200(a)(4)(iii)(B).

38. The opt-out notice must also include "a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender" as well as a "cost-free

mechanism for a recipient to transmit a request pursuant to such notice . . . ." 47 U.S.C. § 227(b)(2)(D)(iv)(I)(II).

39. Moreover, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week."  47 U.S.C. § 227(b)(2)(D)(v).

40. The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

41. Defendants violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax (such as Exhibit A) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

42. Defendants violated 47 U.S.C. § 227 *et seq.* by not providing a clear and conspicuous opt-out notice.  The subject fax did not include any opt-out notice, as required by 47 U.S.C. § 227, thereby leaving Plaintiff and other Class members with no way to stop the deluge of fax advertisements sent by Defendants. Exhibit A. While Defendants did include a phone number at the bottom of the fax, it did not indicate that it would allow recipients to opt-out of receiving any additional faxes, but instead was advertised as a method by which they could purchase Defendants' services.

43. Defendants violated 47 U.S.C. § 227 *et seq.* by not including in the opt-out notice that Defendants were to comply with any opt-out request within 30 days, or their conduct would be considered unlawful. Furthermore, Defendants violated 47 U.S.C. § 227 *et seq.* by not including a domestic facsimile number for the recipients to make an opt-out request. Exhibit A.

44. Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

45. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

46. Moreover, Defendants are liable to Plaintiff and the other Class members under the TCPA for not including a compliant opt-out notice even if Defendants ultimately prove that they obtained prior express permission to send the advertisements by fax or prove that Defendants had an established business relationship with Plaintiff and the other Class members.

47. Each Defendant is liable because, respectively, they sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on their behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

48. Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendants, that the fax contained in Exhibit A is an advertisement, and that Exhibit A did not display an opt-out notice as required by the TCPA.

49. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the

printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

50.  Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

C.  That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

52. Plaintiff brings Count II on behalf of itself and a class of similarly situated persons.

53. By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to their own use.

54. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

55. By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

56. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

57. Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

58. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award punitive damages;

D.    That the Court award attorney's fees;

E.    That the Court award costs of suit; and

F.    That the Court award such further relief as it may deem just and proper.

Respectfully submitted,

DEAN E. WEISGOLD, P.C., a Pennsylvania Professional Corporation, individually and on behalf all others similarly situated

By:    /s/ *Ellen Meriwether*

Ellen Meriwether
CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP
205 North Monroe Street
Media, Pennsylvania 19063
Phone: (215) 864-2800
Email: emeriwether@caffertyclobes.com

Nyran Rose Rasche
Christopher P.T. Tourek
CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP
150 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 782-4880
Email: nrasche@caffertyclobes.com
Email: ctourek@caffertyclobes.com

# EXHIBIT A



Lansdowne/Upper Darby    West Phila./Bala Cynwyd    Germantown/Mt. Airy
North Phila.    Northeast Phila.    Cherry Hill, NJ

Whether you and your staff are in the office or working remotely, Allied Medical has the tools to provide your firm with all the help that you may need.

**NEW CLIENT/PATIENT SIGN-UPS:**

Visit our website: https://alliedmedassoc.com/, click on the patient portal tab and follow the links along with your client. When completed, Allied staff will contact and schedule your client. By doing this, the client's information is ready to go when they arrive. It minimizes patient time/exposure and is more efficient for everyone. Your staff can use this feature from the office or when working remotely.

If time does not allow for the above [it takes about 10 minutes], simply go to the web site, https://alliedmedassoc.com/ and click on the schedule now tab. Just enter your clients' demographic information and click submit. We will take it from there.

You can also send an email to: Appointments@alliedmedassoc.com include your clients' name, date of accident, and cell phone number and we will do the rest.

Not sure if we have a location convenient to your clients? Go to the web site https://alliedmedassoc.com/ and click on the locations tab. Click on any location for the SEPTA bus routes. **PLEASE NOTE: We also offer transportation, when needed.**

Lastly, if you or your staff are working remotely, feel free to send any documents which require your clients' signature to our office in PDF format. We will have your client sign the forms. We will then scan them and email them to your office and send the originals by mail.

**ESTABLISHED CLIENTS/PATIENTS:**

For status of your clients' care contact Nicholas Morrison, Marketing Director and Attorney Liaison at: nmorrison@alliedmedassoc.com or 800-342-1153 Ext. 4030.

For Medical Records you can either go to the web site https://alliedmedassoc.com/ and click the Medical Records tab, enter your clients' information and click submit, or email us at: Medical_Records@alliedmedassoc.com. Please be sure to include your clients' name, and date of accident. Records can be sent by UPS, regular mail, or by email in PDF format. [Please note for HIPAA compliance records sent by email will be password protected].

Not sure who to contact? Email: Info@alliedmedassoc.com and your message will be forwarded to the right staff member to help you.

And of course we are always available by phone at:

# 800-342-1153